## Wytheville.

## SCHMELZ'S SURVIVING ADMINISTRATOR v. McMENAMIN AND OTHERS.

June 8, 1916.

Absent, Cardwell, J.

1. EXECUTORS—*Indebtedness to Testator—How Administered—Act of Limitations.*—Where a debtor becomes the executor of his creditor, it is his duty at once to charge himself as executor with the debt and to administer the proceeds according to law, by the payment of the debts, if any there be, of the testator, and then by distribution amongst those entitled. Such debt is not barred by the lapse of either three or five years from its maturity.

Appeal from a decree of the Circuit Court of Elizabeth City county, in a suit in chancery wherein the appellees filed their petition. Decree for the petitioners. Defendant appeals.

*Affirmed.*

The opinion states the case.

*J. Winston Read,* for the appellant.

*Allan D. Jones,* for the appellees.

KEITH, P., delivered the opinion of the court.

In a chancery suit pending in the name of the surviving administrator of the estate of George A. Schmelz a petition was filed by James McMenamin, John McMenamin and Mary McMenamin Shepherd, by which

it is claimed that George A. Schmelz was indebted to them in the sum of $475, with interest; that all of the debts of the estate of George A. Schmelz, deceased, had been paid, and that they were his only distributees. It further appears that George A. Schmelz and Henry L. Schmelz qualified as executors of the will of James McMenamin, the father of petitioners, but it does not appear that George A. Schmelz had ever charged himself, as such executor, with money due by him to the estate of James McMenamin, and the petitioners, therefore, presented their demand in this suit against the estate of Schmelz for the sum of $475.

The personal representative of George A. Schmelz denied that his estate owed the petitioners, and also pleaded that their right of action to recover the same, if any such right ever existed, accrued more than three years before the filing of their petition, and is therefore barred by the statute of limitations, and also pleaded the statute of limitations of five years.

The case was referred to a commissioner, who reported that in 1899 an association was formed to purchase real estate in the city of Newport News known as the "elavator lot"; that George A. Schmelz was a member of this association and subscribed $1,000 toward the purchase of the lot; that subsequently, in 1899, Schmelz drew on James McMenamin, his brother-in-law, for $500, noting on the draft that it was "one-half of my subscription in elevator lots"; that this draft was duly paid by James McMenamin; that James McMenamin died in 1901, and George A. and Henry L. Schmelz qualified as executors and trustees on his estate; that for some reason the sale of the lot was never consummated, and in 1906, after several years of litigation, the sale was declared off, and the money which had been paid in was ordered to be re-

turned to the parties who paid it; that George A. Schmelz received the sum of $1,000, less an attorney's fee of $50, which made the net sum received by him $950; that Mr. Blanton, the cashier and former confidential agent of Schmelz, testified that he found the entry showing that Schmelz received the $950, but could find no record of any remittance to the estate of James McMenamin. The commissioner reported that neither the three nor the five years limitation applied; that the distributees of McMenamin were not guilty of laches; and that the distributees were entitled to recover from the estate of George A. Schmelz the sum of $475, with interest at six *per cent. per annum* from the 1st day of January, 1907, and costs of the suit.

We think the evidence fully sustains the claim that George A. Schmelz owed the estate of James Mc-Menamin the amount claimed. We are further of opinion that when Schmelz qualified as executor it became his duty to charge himself with the amount of this debt, and it appearing from the record that the estate of James McMenamin was not indebted, it became his duty to distribute the sum in his hands among the petitioning distributees.

The case is covered in principle by *Caskie's Ex'ors v. Harrison*, 76 Va. 85, which states the general rule as follows: "Where same person is liable to pay money in one capacity, and to receive it in another, the law presumes he has done his duty within his power, and holds his sureties responsible in case he fails to do it. Same rule applies to executor indebted to his testator at time of qualification." And that "Where same person is surviving partner and executor of his deceased co-partner, and has funds actually in hand not needed to pay the firm debts, he ought to pay them to himself as executor."

In this case George A. Schmelz owed the estate of James McMenamin. He qualified as executor and trustee for that estate, and it became at once his duty to charge that debt to himself and to administer the proceeds according to law by the payment of the debts, if any were due, and then by distribution among those entitled.

We are of opinion that there is no error in the decree appealed from and the same is affirmed.

*Affirmed.*